Opinion issued August 25, 2005







 




     




In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00173-CV




IN RE EILENE HUAG, R.N. & KEVIN RITTGER, M.D., Relators





Original Proceeding on Petition for Writ of Mandamus




DISSENTING OPINION

          I respectfully dissent. I would affirm the order of the trial court and allow the
party depositions to proceed. Subsection 74.351(u) allows a claimant, prior to filing
the expert report, to take two oral depositions of any witness the claimant chooses. 
Subsection 74.351(u) provides:
(u) Notwithstanding any other provision of this section, after a
claim is filed all claimants, collectively, may take not more than
two depositions before the expert report is served as required by
Subsection (a). 

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(u) (Vernon 2005) (emphasis added). 
The language “notwithstanding any other provision of this section” in subsection
74.351(u) means exactly what it says on its face: independent of any other subsection
of section 74.351, “all claimants, collectively, may take not more than two
depositions before the expert report is served.” Going outside the subsection to
interpret its effect renders the phrase “notwithstanding any other provision of this
section” meaningless. Nowhere in subsection 74.35l(u) does the Legislature state that
(1) parties are immune from being deposed under this subsection or (2) the two
depositions are limited to only non-parties.
          For this reason, I would hold that the trial court’s order was not a clear abuse
of discretion justifying mandamus relief. Because the majority holds otherwise, I
respectfully dissent.
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Justice Hanks, dissenting.